UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Taylor, Jr., | ) C/A No. 2:10-2496-CMC-BM |
| Plaintiff, | ) |
| vs. | ) |
| The Fourteenth Judicial Circuit of General Session Court; Solicitor Office of Walterboro South Carolina 29488; Sheriff Department, | ) Report and Recommendation |
| Defendants. | ) |

Plaintiff, Andrew Taylor, Jr., proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The complaint names a State court, a Solicitor's Office, and a Sheriff's Department as Defendants. Plaintiff sues the Defendants for "obstruction of justice," "trial violation[s]," and "illegal or false imprisonment." *See* Complaint, page 11. Specifically, Plaintiff indicates that he was taken into custody by the Colleton County Sheriff's Department on December 30, 1996, and detained at the Colleton County Jail for allegedly discharging a firearm. *See* Complaint, pages 3, 7. Plaintiff claims that he did not commit the incident which led to his arrest, and that a witness provided proof of Plaintiff's innocence in a sworn statement that was delivered to the Colleton County Sheriff's Office and the Colleton County Solicitor, prior to Plaintiff's trial. *Id.* at 3. Plaintiff points to allegedly unconstitutional search warrants, indictments, and arrest warrants as examples of the Defendants' attempts too "frame" him for the 1996 crime. *Id.* at 3-4, 10-11.

The Court notes that Plaintiff recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, regarding the same 1996 arrest, and subsequent 1997 conviction, discussed in the instant complaint. *See Andrew Taylor Jr., v. State of South Carolina,* Civil Action



No. 9:10-848-CMC (D.S.C.)(dismissed without prejudice on June 11, 2010). Plaintiff indicates that the instant complaint is an attempt to re-file his law suit due to the closing of his federal habeas corpus action. *See* Complaint, page 4. However, as § 1983 is not the proper vehicle to challenge a state conviction or sentence, *Preiser v. Rodriquez*, 411 U.S. 475, 498-99 (1973), it appears that Plaintiff is now seeking monetary damages for alleged constitutional violations associated with his arrest, conviction, and incarceration.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even when considered under this less stringent standard, however, the undersigned finds and concludes that the *pro se* complaint is still subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137,

2



144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). However, no Defendant named in this action is subject to suit in a § 1983 action.

First, Plaintiff has named two Defendants, the Fourteenth Judicial Circuit of General Session Court and the Colleton County Sheriff's Department, which are immune from any claim for monetary damages the Plaintiff may be asserting. Both of these Defendants are protected from a suit brought pursuant to § 1983 by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Further, state agencies and state instrumentalities, such as the South Carolina Circuit Courts and a South Carolina Sheriff's Department, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997)[1]. The Eleventh Amendment also bars this

---

[1] Several federal courts have concluded that state courts are entitled to Eleventh Amendment immunity. *See Stegeman v. Georgia*, No. 1:06-cv-2954-WSD, 2007 WL 2071542, at *7 & n. 22 (N.D. Ga. July 16, 2007)*; Young v. Ottawa County Circuit Court*, No. 1:06-CV-709, 2007 WL 1712608, at *3 (W.D. Mich. June 12, 2007); *Robinson v. Court of Common Pleas of Philadelphia County*, 827 F. Supp. 1210, 1211-12 (E.D. Pa. 1993)(collecting cases). Sheriff's Departments also enjoy this immunity. *Dean v. Barber*, 951 F.2d 1210, 1215 n. 4 (11th Cir. 1992)[a county sheriff's department is not a proper defendant in a § 1983 action because state law did not allow it to be sued]; *Snead v. Alleghany Sheriff Dep't*, No. 09-198, 2009 WL 2003399 at * 1 (W.D.Va. July 7, 2009)["Because Eleventh Amendment immunity extends to [ ] Sheriff's Department, [Plaintiff] has not stated a proper Defendant for §1983 purposes."]. .

3



Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). Thus, the Fourteenth Judicial Circuit of General Session Court and the Colleton County Sheriff's Department are immune from suit and are entitled to summary dismissal from this case.[2]

As for the Solicitor's office, prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, ---U.S. ----, 129 S.Ct. 855, 860-62 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id. at 861. See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). In the instant action, Plaintiff's claims against the Solicitor's Office involve the prosecution of Plaintiff's criminal case. Therefore, the Defendant Solicitor Office of Walterboro, South Carolina, and any individual Solicitors or Assistant Solicitors involved in Plaintiff's criminal proceedings, are protected from Plaintiff's claims for damages by prosecutorial

---

[2] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984), however, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

4



immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Recommendation

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

_____
Bristow Marchant
United States Magistrate Judge

October 15, 2010
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).